IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Criminal Action No. 24-cr-00172-NYW-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    NICHOLAS ALAN RODISH,

    Defendant.

## ORDER DENYING MOTION TO DISMISS

This matter is before the Court on the Motion to Dismiss Count One (the "Motion to Dismiss" or "Motion") filed on September 20, 2024 by Defendant Nicholas Alan Rodish ("Defendant"). [Doc. 24]. The Government opposes the Motion. *See* [Doc. 30]. Defendant did not file a reply brief or seek leave to do so, and neither Party has requested a hearing on the Motion to Dismiss. The Court took the Motion under advisement on November 5, 2024. [Doc. 41]. For the reasons set forth herein, the Motion is respectfully **DENIED**.

## BACKGROUND

On May 22, 2024, an Indictment was filed charging Defendant with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [Doc. 1]. He was arrested on May 28, 2024, and made his initial appearance the same day. [Doc. 5; Doc. 6]. On September 20, 2024, Defendant filed a Motion to Suppress Evidence, [Doc. 23 (the "Motion to Suppress")], and the instant Motion to Dismiss, [Doc. 24]

(together, the "Motions").  On September 25, 2024, the Court vacated the jury trial set to begin on November 4, 2024, to be reset after the Court's resolution of the Motions.  *See* [Doc. 25].  An evidentiary hearing on the Motion to Suppress was set for November 6, 2024, [Doc. 27], but later vacated upon Defendant's request and withdrawal of the Motion to Suppress, [Doc. 39; Doc. 40].  The Motion to Dismiss is now ripe for consideration.  *See* [Doc. 30; Doc. 41].

## ANALYSIS

Defendant argues that § 922(g)(1) is unconstitutional both facially and as applied to him considering two United States Supreme Court decisions:  *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 144 S. Ct. 1889 (2024).  [Doc. 24 at 7–10].  Defendant further argues that post-*Bruen* and post-*Rahimi*, there is no binding circuit precedent that addresses the constitutionality of § 922(g)(1).  [*Id.*].  The Court respectfully disagrees.

In *United States v. McCane*, the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") rejected the defendant's argument that § 922(g) violates the Second Amendment.  573 F.3d 1037, 1047 (10th Cir. 2009).  In upholding the constitutionality of § 922(g)(1), the Tenth Circuit looked to the Supreme Court's 2008 decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008).  Relevant here, the Tenth Circuit noted that the Supreme Court "explicitly stated in *Heller* that 'nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons.'"  *McCane*, 573 F.3d at 1047 (quoting *Heller*, 554 U.S. at 626).

In 2022, the Supreme Court decided *Bruen* and, in the process, created a new, two-part test for determining the scope of the Second Amendment and the

2

constitutionality of gun regulations. 597 U.S. at 17. The Tenth Circuit again considered the constitutionality of § 922(g)(1) in a post-*Bruen* challenge brought in *Vincent v. Garland*, 80 F.4th 1197 (10th Cir. 2023), *cert. granted*, *judgment vacated*, 144 S. Ct. 2708 (2024). In *Vincent*, the Tenth Circuit noted that

> the [Supreme] Court didn't appear to question the constitutionality of longstanding prohibitions on possession of firearms by convicted felons. If anything, *Bruen* contains two potential signs of support for these prohibitions.
>
> First, six of the nine Justices pointed out that *Bruen* was not casting any doubt on this language in *Heller*.
>
> Second, *Bruen* apparently approved the constitutionality of regulations requiring criminal background checks before applicants could get gun permits. In *Bruen*, the Court struck down state regulations that had required the showing of a special need before someone could get a license to carry a gun. But the Court added that it wasn't questioning the constitutionality of "shall-issue" licensing regimes. These regimes don't require a showing of special need, but they do "often require applicants to undergo a background check" to ensure that the applicant is a "law-abiding, responsible citizen[]."
>
> . . .
>
> Given the six Justices' reaffirmation of the *Heller* language and the Court's apparent approval of "shall-issue" regimes and related background checks, we conclude that *Bruen* did not indisputably and pellucidly abrogate our precedential opinion in *McCane*.

80 F.4th at 1201–02 (footnote and citations omitted). Accordingly, the Tenth Circuit again upheld the constitutionality of § 922(g)(1) pursuant to *McCane*. *Id.* at 1202.

Next, the Supreme Court decided *Rahimi*, which involved a constitutional challenge to a different provision of § 922 than the one under which Defendant is charged in this case. *See Rahimi*, 144 S. Ct. at 1898–1902. In that case, the Court applied the two-part test articulated in *Bruen* to determine the constitutionality of § 922(g)(8). *Id.* The Supreme Court concluded "*only this*: An individual found by a court to pose a credible

3

threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment." *Id.* at 1903 (emphasis added). The *Rahimi* decision did not address § 922(g)(1) at all, except to reiterate that "prohibitions, like those on the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.'" *Id.* at 1902 (quoting *Heller*, 554 U.S. at 626, 627 n.26).

While it granted certiorari to review *Vincent*,[1] vacated the judgment in *Vincent*, and remanded the case "for further consideration" in light of *Rahimi*, *Vincent v. Garland*, 144 S. Ct. 2708 (2024), in so doing, the Supreme Court "did not question the merits of *McCane* or express any doubt about the Tenth Circuit's reasoning in *Vincent*," *United States v. Watkins*, No. 24-cr-00058-SKC, 2024 WL 4381340, at *2 (D. Colo. Oct. 3, 2024) (quotation omitted).[2] Indeed, one week after the Supreme Court's decision in *Rahimi*, the Tenth Circuit addressed the argument that *Rahimi* abrogated *McCane*. *See United States v. Curry*, No. 23-1047, 2024 WL 3219693, at *4 n.7 (10th Cir. June 28, 2024) (observing that *Bruen* neither overruled nor expressly abrogated *McCane* and finding that *Rahimi* also "does not indisputably and pellucidly abrogate" *McCane* (quotation omitted)). District courts within the Tenth Circuit that have considered post-*Rahimi* challenges have also upheld the constitutionality of § 922(g)(1) on the same basis. *See, e.g., Watkins*, 2024 WL 4381340, at *2; *United States v. Hawkins*, No. 6:23-cr-10041-EFM, 2024 WL

---

[1] Similarly, the Supreme Court has granted certiorari, vacated the judgment, and remanded the case to the Tenth Circuit in *United States v. Mayfield*—another challenge to the constitutionality of § 922(g)(1) after *Bruen* and *Rahimi*. *United States v. Mayfield*, No. 24-5488, 2024 WL 4654943, at *1 (U.S. Nov. 4, 2024).

[2] This is often referred to as "GVR order"—i.e., a "grant, vacatur, and remand" order. The Government argues that *Vincent* remains persuasive authority after *Rahimi* because a GVR order is "not a final determination on the merits." [Doc. 30 at ¶ 9 (quotation omitted)]. The Court respectfully agrees.

4751401, at *1 (D. Kan. Nov. 12, 2024) (denying motion to dismiss based on a facial and as-applied challenges to the constitutionality of § 922(g)(1) on Second Amendment grounds); *United States v. Sutton*, No. 4:24-cr-00168-SEH, 2024 WL 3932841, at *4 (N.D. Okla. Aug. 23, 2024) ("Because neither *Bruen* nor *Rahimi* indisputably and pellucidly abrogated *McCane*, *McCane* remains binding authority upon this Court.")

Neither *Bruen* nor *Rahimi* overruled or abrogated the Tenth Circuit's decision in *McCane*, which remains binding precedent. Accordingly, Defendant's constitutional challenges to § 922(g)(1) are respectfully **DENIED**.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

(1) Defendant's Motion to Dismiss Count One is **DENIED**; and

(2) On or before **December 4, 2024**, the Parties shall meet and confer with respect to the requirements of the Speedy Trial Act and shall file a joint status report setting forth their position(s) as to the applicable Speedy Trial Act date, for purposes of resetting the trial

DATED: November 27, 2024

BY THE COURT:

_____
Nina Y. Wang
United States District Judge